UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TERRELL STATON,
*Plaintiff*,

v.

No. 3:23-cv-00494 (JAM)

ANGEL QUIROS,
*Defendant*.

**ORDER OF DISMISSAL PURSUANT TO 28 U.S.C § 1915A**

Plaintiff Terrell Staton used to be a prisoner in the custody of the Connecticut Department of Correction ("DOC"). While incarcerated, he filed a civil complaint alleging violations of his constitutional rights by various DOC officials. Judge Bryant dismissed the complaint without prejudice for failure to comply with multiple requirements of the Federal Rules of Civil Procedure. Staton has now filed an amended complaint, but the amended complaint does not remedy the significant deficiencies identified by Judge Bryant. Therefore, I will dismiss the complaint.

**BACKGROUND**

Staton's original complaint alleged a violation of his rights under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments.[1] His claims seemed to arise from a series of disparate incidents related to COVID-19 protocols, parole decisions, housing placement, and risk-level classification.[2] Some of these incidents occurred at one prison, Carl Robinson C.I., while others took place at a different prison, Osborn C.I.[3] Staton also identified more than two dozen alleged wrongdoers.[4]

---

[1] Doc. #1 at 3.
[2] *See, e.g., id.* at 7, 12, 16, 21.
[3] *Id.* at 6.
[4] *Id.* at 30-49.

1

Despite the many individuals appearing in the body of his complaint, the caption named as a defendant only Angel Quiros, DOC Commissioner.[5] And the complaint itself failed to state facts supporting a claim against him.[6] Judge Bryant advised Staton that Rule 10 of the Federal Rules of Civil Procedure provides: "The title of the complaint must name all the parties."[7] *See* Fed. R. Civ. P. 10(a). Therefore, as written, Staton's complaint would proceed only against Quiros, the sole properly named defendant.[8]

Judge Bryant also observed that Staton is not a "novice litigant."[9] On the contrary, he had filed nine cases in this District in the preceding three years, was well aware of the requirement that all defendants be listed in the case caption, and had followed this rule in other cases he had filed.[10] Judge Bryant further advised Staton that the liberality extended to *pro se* litigants is not so liberal as to excuse intentional non-compliance with the Federal Rules.[11] Thus, she warned him, he would not be excused for his failure to comply.[12]

As for Staton's claims against the many putative, improperly named defendants, Judge Bryant explained that these ran afoul of another federal procedural rule—Rule 8 of the Federal Rules of Civil Procedure—which requires "a short and plain statement of the claim."[13] *See* Fed. R. Civ. P. 8(a)(2). This requirement ensures that a plaintiff gives defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests."[14] Staton's 51-page complaint (plus 43 pages of exhibits) consisted of legal arguments and conclusions without facts showing how,

---

[5] *Id.* at 1.
[6] Doc. #28 at 3.
[7] *Id.* at 2.
[8] *Ibid.*
[9] *Id.* at 3.
[10] *Id.* at 3-4.
[11] *Id.* at 3.
[12] Doc. #28 at 4.
[13] *Ibid.*
[14] *Ibid.*

specifically, each named individual violated Staton's rights.[15] Nor was it clear "whether or how" the unorganized exhibits related to Staton's claims.[16] Judge Bryant instructed Staton that "[t]o comply with Rule 8, each claim should be set out in a separate section, which must include facts showing that each named defendant violated his rights as he claimed."[17]

Finally, Staton's references to a multitude of unrelated incidents, involving different individuals at different institutions, violated the federal rules governing joinder of different claims and defendants.[18] Rule 20 of the Federal Rules of Civil Procedure permits joinder of multiple defendants in one lawsuit only if, first, any right to relief is asserted against them jointly and severally or arises out of the same events and, second, any question of law or fact common to all defendants will arise in the action. *See* Fed. R. Civ. P. 20(a)(2). Judge Bryant noted that Staton's claims "occurred at two different correctional facilities and [were] unrelated."[19] Thus, even if Staton had "properly named all the persons referenced in the complaint as defendants, the claims would be severed as improperly joined."[20]

Judge Bryant dismissed Staton's complaint without prejudice, instructing him to file an amended complaint if he was able to "allege facts, not conclusions, supporting a claim against each defendant named in the amended complaint."[21] She further cautioned him that any amended complaint must comply with the federal rules discussed in her order.[22]

Staton filed an amended complaint.[23] Then this case was transferred to me, and Staton

---

[15] *Ibid.*
[16] *Ibid.*
[17] *Id.* at 4-5.
[18] Doc. #28. at 5-6.
[19] *Id.* at 6.
[20] *Ibid.*
[21] *Id.* at 7.
[22] *Id.* at 7-8.
[23] Doc. #32.

was later released from prison.[24] This order addresses his amended complaint.

## DISCUSSION

The Court is required by law to review prisoner civil complaints and dismiss any portion of such complaints that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. In reviewing a *pro se* complaint, the Court must construe the allegations liberally, interpreting them to raise the strongest arguments they suggest. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*). Still, even a *pro se* complaint must allege enough facts—as distinct from legal conclusions—to establish plausible grounds for relief. *See ibid.*[25]

Although Staton was released from DOC custody after filing his amended complaint, review is proper here because the screening requirement set out in § 1915A "applies to claims brought by individuals incarcerated at the time they filed their complaints." *Rosa v. Doe*, 2024 WL 1973472, at *2 (D. Conn. 2024); *see Brunson v. City of New York Dep't of Corr.*, 2016 WL 4203485, at *1 n.2 (E.D.N.Y. 2016) (collecting cases).

Staton's amended complaint is 36 pages long and includes 105 pages of exhibits.[26] It once again fails to properly caption the case. The final pages contain a list of defendants, but the title of the complaint purports to proceed against "Quiros (et. al.)," in violation of Rule 10 of the Federal Rules of Civil Procedure that Judge Bryant highlighted and that Staton has previously

---

[24] *See* Docs. #35, #45.
[25] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.
[26] *See* Doc. #32. Staton's amended complaint states that this action is "an offshoot" of a prior case that was before Judge Bryant and that he seeks "to consolidate the two dockets." *Id.* at 27 (citing *Staton v. Lamont*, 22-cv-854-VLB). A review of that case reflects that it was dismissed and that Staton's appeal from Judge Bryant's dismissal order was dismissed as frivolous. *See* Doc. #38 to *Staton v. Lamont*, 22-cv-854-VLB (mandate).

followed in other cases.[27]

Nor does the amended complaint remedy the additional deficiencies of the original complaint. The amended complaint details dozens of short, unrelated incidents spanning years, rendering it nearly impossible to follow and clearly contrary to the fair notice interests that Rule 8 promotes. *See Harnage v. Lightner*, 916 F.3d 138, 142 (2d Cir. 2019) (noting that "Rule 8 was intended to curb" complaints amounting to "incomprehensible labyrinthian prolixity of unrelated and vituperative charges").

More specifically, although Staton has arranged some of his allegations by claim, such as a section titled "deliberate indifference," he frequently fails to state facts showing how the individuals named therein violated his rights or how their conduct might give rise to a legally cognizable claim.[28] For example, he alleges that one putative defendant "was utilized as a spokeswoman for the plaintiff to obtain his medical records that exposed that his Tuberculosis information was app[a]r[e]nt in the medical history of the plaintiff yet was overlooked for his parole hearing."[29] Staton faults another putative defendant on the ground that he "approached the plaintiff stating 'aqui' as if the plaintiff was to know his motive by the statement which the plaintiff thought was an insult to his Islamic faith as 'Akhi' means brother in the Arabic idiom[]."[30]

When Judge Bryant initially dismissed the complaint, she observed that the complaint failed to allege any facts demonstrating the personal involvement of the one properly caption-named defendant—DOC Commissioner Angel Quiros.[31] The amended complaint similarly fails

---

[27] *Id.* at 1, 33-35.
[28] *Id.* at 7-9.
[29] *Id.* at 8.
[30] *Id.* at 34.
[31] *See* Doc. #28 at 6-7.

to allege any facts specific to Commissioner Quiros that would allow any claim to proceed against him.

Other portions of the amended complaint describe conduct without stating who acted: "On August 26, 2022 the plaintiff was met with total opposition in regards to his Community Release"; "On July 16, 2020 after enforcing a blood test the parties sought to convey that the plaintiff lied."[32]

Much of the complaint consists of case law and policy arguments that are untethered from any factual allegations.[33] Just as he has in previous motions on this docket, Staton continues to "cite[] myriad legal terms without connecting them to his requested relief."[34]

Finally, the 37 putative defendants were involved in different alleged incidents, at different facilities, during different months and years, such that Staton's claims clearly do not arise from the same occurrences or series thereof, and common questions of law or fact do not exist with respect to all defendants.[35] As was previously explained to Staton, this violates the federal procedural rule governing joinder of defendants and claims.

In short, Staton has largely disregarded Judge Bryant's prior order, despite being on notice that compliance with the federal procedural rules was essential for his case to survive. Accordingly, I will dismiss his complaint for failure to state a cognizable claim and in violation of Rules 8, 10, and 20 of the Federal Rules of Civil Procedure. Because Staton was previously afforded an opportunity to file a proper complaint, this dismissal is with prejudice for failure to

---

[32] Doc. #32 at 10, 12.
[33] *See, e.g., id.* at 19 (section titled "tuberculosis), 26-28 (sections titled "reckless conduct," "negligence and actual malice," "reckless conduct explained," "sixth amendment claims and access to courts," and "constitutional rights," all followed by case cites and no factual allegations).
[34] Doc. #34.
[35] *See, e.g.,* Doc. #32 at 33-35 (¶¶ 7, 10-11, 13, 21, 25, 30). One of the putative defendants is identified as a "court magistrate judge" who does not work for the DOC but who allegedly violated Staton's rights because he "did not forward plaintiff's case to A.D.A." and "let A.A.G. consolidate dockets" for two cases. *Id.* at 34 (¶ 32).

6

comply with the Court's order and because granting leave to further amend would be futile. *See, e.g., Weir v. City of New York*, 2023 WL 3001136, at *2 (2d Cir. 2023).

## CONCLUSION

For the reasons set forth above, the Court DISMISSES with prejudice the complaint pursuant to 28 U.S.C. § 1915A(b)(1). The Court DENIES as moot all pending motions (Docs. #39, #40, #41, #42).

The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 30th day of September 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge